IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13 cr 15

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WALTER HENRY STANCIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THE MATTER** has come before the undersigned for hearing pursuant to a Renewed Motion to Modify Bond Conditions (#141) filed by counsel for the Defendant. At the call of this matter on for hearing, it appeared that Defendant was present with his counsel Allyn Stockton, Jr. and the Government was present through Assistant United States Attorney Richard Edwards. After giving the Defendant and the Government each an opportunity to present evidence and hearing arguments from the attorney for Defendant and from the Assistant United States Attorney, the Court enters the following Order.

**Factual Discussion.** In an Indictment issued on June 4, 2013, Defendant was charged with conspiracy to illegally take wildlife in violation of 16 U.S.C. § 3372, 16 U.S.C. § 3373 and 18 U.S.C. § 371. An initial appearance hearing was held for the Defendant on June 17, 2013 and at that time an Order Setting Conditions of Release (#14) was entered. In the Order setting terms and conditions of release, it was ordered that Defendant be released on an unsecured

1

bond of $25,000 and that Defendant comply with various conditions. In those conditions it was ordered that Defendant:

(8)(g)  Defendant surrender any passport to the office of probation and pretrial services; and

(8)(n)  Defendant refrain from possession a firearm, destructive device or other dangerous weapon.

A jury verdict was entered on September 8, 2014 finding Defendant guilty of a misdemeanor violation of the charges contained in Count One of the Bill of Indictment, which are referenced above. The Defendant was allowed, by the District Court, to continue to be released on the same terms and conditions of pretrial release that has been entered on June 17, 2013 (#14).

In his Renewed Motion to Modify Bond Conditions (#141), Defendant request that the Court modify his terms and conditions of presentence release to order that Defendant's passport be returned to him and Defendant be allowed to possess firearms.

**Discussion.**  In the Renewed Motion to Modify Bond Conditions, Defendant contends that he is seeking to have his bond conditions modified "to remove all conditions that would normally only apply to felony cases including but not limited to the confiscation of Defendant's passport and the prohibition against Defendant using or possessing firearms." (#141)  The Court pointed out to

Defendant the terms and conditions of pretrial release that are entered by the undersigned for alleged felony violations contain the same terms and conditions for misdemeanors charges. The court does not change the terms of release based upon whether the allegations allege a felony or allege a misdemeanor.

The Court inquired of counsel for Defendant as to the reasons why Defendant was requesting the modification of the terms and conditions of release. Counsel advised there was not a specific reason for the motion other than the fact the Defendant wanted to now to possess a passport, even though he has no plans to travel, and he wanted to possess firearms so he could take his grandson hunting. The undersigned does not find that those desires of Defendant constitute sufficient reasons to modify the terms and conditions of presentence release in this matter.

The Defendant, in his motion, further pointed out that the United States Probation Officer supervising the Defendant did not have any objection to the Defendant possessing firearms and had stated such in a paper writing that had been attached to a similar motion filed by a co-defendant, Jerry Francis Parker. This Court has previously addressed a similar contention made by Defendant in a previous motion. In that Order (#138), the undersigned stated as follows:

> More importantly, in regard to this Court's order that Defendant refrain from possessing a firearm, destructive device or other dangerous weapons, the undersigned does not find that there is good reason for the granting of that request. The prohibition against the Defendant possessing firearms is in large part for the protection of the supervising probation officer who will be supervising the Defendant

and visiting at the home of the Defendant during the period of presentence release. To allow Defendant to now have possession of a firearm would increase possible danger to the probation officer.

The position of the probation officer that he does not have a concern for his safety has been considered by the undersigned, but the undersigned is not persuaded that good judgment is being shown by the probation officer in taking this position. Of further concern to the court is the precedent that would be established by the granting of this motion and the danger which could be established to other probation officers in the future.

The undersigned cannot find good and sufficient reasons to modify the terms and conditions of presentence release of Defendant and will deny the Renewed Motion to Modify Bond Conditions.(#141)

## ORDER

**IT IS, THEREFORE**, **ORDERED** that Renewed Motion to Modify Bond Conditions (#141) is **DENIED**.

Signed: December 11, 2014

_____
Dennis L. Howell
United States Magistrate Judge